**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NMD INTERACTIVE, INC. d/b/a STREETEASY.COM, | No. 11 Civ. 6011 (RJS) |
| Plaintiff, | ECF Case |
| v. | |
| DOUGLAS M. CHERTOK, | |
| Defendant. | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SANCTIONS</u>**

Dated:  New York, NY
      June 1, 2012

CLARICK GUERON REISBAUM LLP
40 West 25th Street
New York, New York 10010
Phone: (212) 633-4310
Fax: (646) 478-9484
*Attorneys for Plaintiff NMD Interactive,*
*Inc. d/b/a StreetEasy.com*

## **Table of Contents**

Table of Authorities ...................................................................................................ii

Preliminary Statement ............................................................................................1

Factual and Procedural Background ......................................................................1

Argument ...............................................................................................................3

    I.      The Motion Is Premised On Deliberate Falsehoods ..................................4

          A.  Chertok Falsely States that He Lacked Notice of Certain Documents ...............5

              i.   Opinion Letter ....................................................................5

              ii.  Backup Certificate ..............................................................6

              iii. Compliance Certificate .......................................................7

          B.  Chertok's Contention that the Written Consents "Were Not Part of the Settlement" Is a Deliberate Falsehood ................7

          C.  Chertok's Claim that the Settlement Required Execution of "Modified" Versions of the Series A Transaction Documents Is False .................7

    II.     The Motion Is Without Any Reasonable Foundation In Law...................8

Conclusion ...........................................................................................................11

## <u>Table of Authorities</u>

**Cases**

*Alleghany Corp. v. Kirby*,
  333 F.2d 327 (2d Cir. 1964)..................................................................................... 8, 9

*Cornett v. Bank of N.Y.*,
  No. 91 Civ. 0605 (CSH), 1992 WL 88197 (S.D.N.Y. Apr. 17, 1992) .................................. 3, 4

*Eastway Construction Corp. v. City of New York*,
  762 F.2d 243 (2d Cir. 1985)..................................................................................... 3

*In re Lawrence*,
  293 F.3d 615 (2d Cir. 2002)..................................................................................... 9

*Katz v. Mogus*,
  No. 07 Civ. 8314 (PKC) (KNF), 2008 WL 2605072 (S.D.N.Y. July 1, 2008) ......................... 4

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986)...................................................................................... 8

*Smith v. The Educ. People, Inc.*,
  233 F.R.D. 137 (S.D.N.Y. 2005) .............................................................................. 3

**Rules**

Fed. R. Civ. P. 11 ...................................................................................................... 3

**Preliminary Statement**

Defendant Chertok's Motion for Relief from the Order of Dismissal and to Rescind the Settlement ("Motion") is frivolous. As a factual matter, the Motion is premised on contentions that are false, and that defendant knows to be false. The Motion is also objectively unreasonable as a legal matter: there is no authority – and the Motion cites none – to set aside the settlement of this case, as the Court and plaintiff's counsel have previously explained to Chertok. Because the Motion is without a reasonable basis in either fact or law, Chertok should be ordered to pay StreetEasy's fees and costs in responding to the Motion.

**Factual and Procedural Background**

This action was filed on August 26, 2011, and plaintiff filed its Amended Complaint on December 21, 2011. Both before and after amendment of the complaint, the parties attempted without success to resolve their differences through numerous telephonic, in-person, and email exchanges. (Declaration of Isaac B. Zaur, executed May 30, 2012 ("Zaur Decl.") ¶¶ 2, 12, Exs. C, F, J.)

Following those failed settlement efforts, Magistrate Judge Andrew J. Peck held a settlement conference on January 24, 2012, at which both sides were represented by experienced counsel. (*Id.* ¶ 3.) The conference lasted approximately three hours and resulted in a detailed agreement (the "Settlement"), which Magistrate Judge Peck read into the record at the conclusion of the conference. (Transcript of Proceedings, January 24, 2012, attached to the Zaur Decl. as Exhibit A ("Settlement Tr.").) Both parties and their counsel expressly assented to the terms of the settlement as recited by Magistrate Judge Peck. (*Id.* at 9-11.)

As more fully described in StreetEasy's brief in opposition to the Motion, the Settlement provided that StreetEasy would release its claims against Chertok and consent to dismissal of this

1

lawsuit in exchange for Chertok's acknowledgement of the validity of certain corporate and stockholder actions taken by the company in August 2006 (the "Board and Shareholder Actions") in connection with a venture capital financing (the "Series A Transaction"). Chertok also agreed to execute resolutions on written consent confirming those stockholder and board actions ("Written Consents") – as well as the deal documents themselves ("Series A Transaction Documents"). (Settlement Tr. at 5-6.)

Pursuant to the terms of the Settlement, StreetEasy's counsel provided Chertok's then-counsel Karen Asner, Esq. (of the firm White & Case LLP) with the documents to be signed (all but one of which had been previously identified in previous settlement discussions) and a draft mutual release, asking that Chertok sign the release or respond with any concerns. (Zaur Decl. Ex. C&D.) At Ms. Asner's request, StreetEasy's counsel also subsequently provided an exact copy of the "Closing Binder" (in the form it was retrieved from StreetEasy's former law firm Proskauer Rose LLP ("Proskauer")) containing documentation for the Series A Transaction, as well as draft financial statements for 2011. (*Id.* ¶ Ex. E-G.)

Exactly one week later, Chertok responded, *pro se*, with a pre-motion letter, stating his intention to move to rescind the Settlement. (Zaur Decl. Ex. H.)

In his pre-motion letter (and subsequently in his memorandum and affidavit in support of the Motion) Chertok contended that he had no prior notice of the existence of certain documents provided (voluntarily) by StreetEasy after the Settlement, and that such notice would have affected his decision to settle. (Zaur Aff. Ex. H; Memorandum of Law in Support of Defendant Douglas Chertok's Motion for Relief from the Order of Dismissal and to Rescind the Settlement ("Chertok Br."). at 3-4.) Chertok's pre-motion letter and affidavit also admitted that one reason he sought to undo the Settlement was that, after reviewing StreetEasy's 2011 financial

statements, he believed the company had sufficient financial resources to buy his own stock as part of a settlement.  (Zaur Decl. Ex. H at 4; Affidavit of Douglas M. Chertok, executed May 9, 2012 ("Chertok Aff.") ¶6.)  In other words, Chertok determined that, in hindsight, he could have struck a more favorable deal.  (*See* Chertok Aff. ¶ 6 ("Had I known of these assets and income, I would not have settled.").)

## <u>Argument</u>

Rule 11 of the Federal Rules of Civil Procedure requires every party to certify that his or her "claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law…[and] the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"  Fed. R. Civ. P. 11(b)(2).  Thus, Rule 11 requires that every party's submissions be both legally and factually reasonable.  *Smith v. The Educ. People, Inc.*, 233 F.R.D. 137, 143 (S.D.N.Y. 2005) (Rule 11 requires a "reasonable inquiry into the viability of a pleading before it is signed") (quoting *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir. 1985)).

This Court has repeatedly imposed sanctions under Rule 11 where a party – even one proceeding *pro se*[1] – has attempted unreasonably to re-litigate matters that were already resolved.

---

[1] Even where a pleading is objectively unreasonable from the point of view of an attorney, courts have exercised some leniency for *pro se* litigants who are unfamiliar with the law.  *See Smith*, 233 F.R.D. at 142.  However, where – as here – a *pro se* litigant is himself an attorney or has demonstrated familiarity with the law, the litigant is held to a higher standard than other *pro se* parties.  *Id.*; *see also Cornett v. Bank of New York*, 91 Civ. 0605 (CSH), 1992 WL 88197 at * 6 (S.D.N.Y. April 17, 1992) (imposing sanctions on *pro se* litigant who had shown "an ability to find the law and to make legal arguments").  Moreover, StreetEasy also respectfully submits that Chertok should not be protected from the consequences of his frivolous Motion by his tactical

For example, in *Cornett v. Bank of N.Y.*, No. 91 Civ. 0605 (CSH), 1992 WL 88197 at * 6

(S.D.N.Y. Apr. 17, 1992), the Court imposed sanctions on a *pro se* litigant whose claims were

barred by *res judicata*, noting that "[i]t appears that plaintiff has filed this suit solely to harass the

defendants and that he had no basis in law or fact on which [he] could rely to sustain his claims,

particularly in view of the fact that he had already litigated the major issues of this case." *Id*; *see*

*also Katz v. Mogus*, No. 07 Civ. 8314 (PKC) (KNF), 2008 WL 2605072 at *2 (S.D.N.Y. July 1,

2008) (imposing sanctions where *pro se* defendant sought to re-litigate matters determined by

another court, deeming defendant's motions "repetitive and frivolous" and holding that "no

objectively reasonable analysis" could have led to the conclusion that re-litigation was

warranted).

No reasonable inquiry could have led Chertok to believe that his Motion had any factual

or legal support.

**I. The Motion Is Premised On Deliberate Falsehoods**

In his Motion, Chertok makes at least three sets of factual misrepresentations.  First, he

claims to have lacked notice, before the Settlement, of certain documents that he actually knew

perfectly well existed.  Second, he claims that certain documents "were not part of the

Settlement" even though they certainly are included in Magistrate Judge Peck's recitation of the

parties' agreement.  Third, he claims that the Settlement required him to execute the Series A

Transaction documents "with certain modifications," which is simply false – the Settlement did

not contemplate any such modifications.

---

decision (assuming the decision was his) to terminate Ms. Asner's representation before filing
the Motion.

### A.  Chertok Falsely States that He Lacked Notice of Certain Documents

The key factual premise of Chertok's Motion is that he lacked notice, until after the Settlement, of the existence of certain documents related to the Series A Transaction and the Board and Shareholder Actions, in particular: 1) an opinion letter signed by StreetEasy's former counsel at Proskauer Rose LLP (the "Opinion Letter"); 2) a "Backup" Certificate supporting the Opinion Letter; and 3) a Compliance Certificate also supporting the Opinion Letter.  (*See e.g.* Mem. at 10 ("the *first time* Chertok became aware of [the Opinion Letter's] existence" was when StreetEasy provided it after the Settlement).)  It is simply false that Chertok lacked pre-Settlement notice of *any* of these documents, and Chertok knows it.  His papers are mendacious, and therefore sanctionable.

### i.      Opinion Letter

Chertok claims that "the *first time* [he] became aware of [the Opinion Letter's] existence" was when StreetEasy provided it to him after the Settlement.  (Chertok Br. at 10.)

The truth is that Chertok received the very first draft of the Preferred Stock Purchase Agreement associated with the Series A Transaction on August 16, 2006 – as proved by an email produced by StreetEasy in this action prior to settlement.  (Zaur Decl. Ex. K.)  That draft, like every other draft of that agreement, provided as follows: "5.5    Opinion of Company Counsel: The Purchasers shall have received from Proskauer Rose LLP, counsel for the Company, an opinion, dated as of such Closing, in substantially the form of Exhibit I attached to this Agreement."  (*Id*. at §5.5.)

Moreover, StreetEasy respectfully submits that it is simply not plausible that Chertok – a sophisticated attorney and venture capitalist – could have believed that a venture capital financing for an early-stage internet start-up company went forward without an opinion from the

company's counsel.  According to the website of his own investment company, Vast Ventures,

Chertok "has founded, advised and invested in early-stage companies for over 20 years" and now

manages "a group of private equity funds that invest in, and incubate, innovative companies and

funds."  (Declaration of Emily Reisbaum, dated June 1, 2012 ("Reisbaum Decl.") Ex. A.)  He

also has been described as a "Senior Managing Director at Hudson Ventures," who previously

"worked with many public and private companies as an attorney, in executive management and

as a founder," and worked as an attorney at the law firm Morrison & Foerster LLP.  (*Id*. Ex. B.)

Thus, notwithstanding Chertok's claim that he had not previously been provided with a

signed copy of the final Opinion Letter, he was on reasonable notice that such an opinion existed

and cannot now credibly claim to have believed (and relied upon the belief) that the Opinion

Letter did not exist.

### ii.    Backup Certificate

On the second page of his brief, Chertok claims to have received the Backup Certificate,

a document attesting to the accuracy of certain information relied upon by Proskauer in

executing its Opinion Letter, "for the first time after settling."  (Chertok Br. at 2.)

The truth is that Chertok received the Backup Certificate as an attachment to an email

from StreetEasy CEO Michael Smith (and produced by StreetEasy in discovery) dated

September 11, 2006.  (Zaur Decl.Ex. N.)  Even Chertok actually admits as much elsewhere in his

Memorandum – apparently modifying his theory in that portion of the brief to address only his

prior supposed ignorance than any *executed* version of this document existed.  (Chertok Br. at

18.)

Therefore, the assertion that Chertok lacked pre-Settlement notice of the Backup

Certificate is patently false.

6

### iii.     Compliance Certificate

Chertok also claims to have received the Compliance Certificate "for the first time after settling" and suggests that he could have had no notice that anyone had signed such a document in connection with the Series A Transaction.  (Chertok Br. at 2.)

The truth is that Chertok twice received a Word version of the Compliance Certificate: once as an attachment to a September 9, 2006 email from StreetEasy CEO Michael Smith, and again when that email was produced in discovery in this action.  (Zaur Decl. Ex. M.)  Chertok admits as much elsewhere in his brief.  (Mem. at 18.)

Again, the Motion rests on a misrepresentation.

## B.  Chertok's Contention that the Written Consents "Were Not Part of the Settlement" Is a Deliberate Falsehood

Chertok claims that the Written Consents "were not part of the settlement."  (Chertok Br. at 4.)  This is a lie.  The Settlement specifically required Chertok to "ratify the actions taken at the August 29, 2006 board and shareholder meetings," and to "sign any and all documents required by that, including the action[s] by written consent dated as of August 30, 2006." (Settlement Tr. 5-6.)  StreetEasy believes that the court reporter's use of "action" rather than "actions" is a mere transcription error.  In any event, there can be no credible argument that both documents were addressed by Judge Peck's references to "action" and "any and all documents required."  (*Id*. at 5-6.)

## C.  Chertok's Claim that the Settlement Required Execution of "Modified" Versions of the Series A Transaction Documents Is False

Chertok claims that the Settlement required him to "sign the series A transaction documents with certain modifications."  (Chertok Br. at 8.)  He does not explain what those supposed modifications are, and in any event this is a transparent falsehood.  The Settlement

7

plainly requires Chertok to "sign the Series A transaction documents, including but not limited to the right of first refusal and co-sale agreement, the series A preferred stock purchase agreement, the voting agreement and investors rights agreement, effective as of the date of those agreements." (Settlement Tr. at 6.) No "modifications" are mentioned or permitted.

## II. The Motion Is Without Any Reasonable Foundation In Law

Chertok's Motion is sanctionable on the basis of the factual misrepresentations described in the foregoing section alone. However, the Motion is also frivolous on the independent ground that it is without any reasonable foundation in the law, as indeed Chertok has been warned multiple times. In fact, the Motion fails to cite to a single case granting the relief requested.

Counsel for StreetEasy has not found any case granting a motion under Rule 60(b)(3) to vacate a settlement where a party had agreed to sign documents but then sought to renege, claiming that it did not like the content of those documents. This is so because relief under Rule 60(b)(3) is only available in "exceptional circumstances" and Chertok patently has not and cannot meet that standard. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

As set forth more completely in StreetEasy's memorandum opposing the Motion, it is absolutely clear as a matter of law that the post-Settlement disclosure of evidence previously unknown to a settling party that may have provided that party with "greater fire power to train upon the enemy" is not sufficient to unwind a settlement under Rule 60(b). *See Alleghany Corp. v. Kirby*, 333 F.2d 327, 334 (2d Cir. 1964). Indeed, even the discovery of additional, previously unknown fraudulent <u>conduct</u> related to the subject matter of litigation is not sufficient to unwind a settlement under Rule 60(b). *Id.*

As a factual matter, Chertok did not actually learn anything new about the subject matter of this lawsuit after the Settlement (except that StreetEasy had greater financial resources than he

had realized).  Even if he had, however, and even if StreetEasy had withheld that information from him (which it emphatically did not do), Chertok still would have no legal grounds to unwind the Settlement.

Chertok's Motion cites to only one case referring to Rule 60(b); but that case does not provide any (let alone reasonable) support for his legal theory.  (*See* Chertok Br. at 13, *citing In re Lawrence*, 293 F.3d 615 (2d Cir. 2002).)  As an initial matter, *Lawrence* did not hold that a party was entitled to use Rule 60(b) to vacate a settlement.  *Id*. at 622-27.  Rather, it stated that the District Court had been correct to consider the plaintiff's claims pursuant to Rule 60(b) but incorrect in having rejected the claims as untimely filed under Rule 60(b).  *Id*. at 626-27.  Thus, the Second Circuit directed the District Court to consider the merits of the plaintiff's claims in the context of Rule 60(b).  *Id*. at 627.

In any event, the merits at issue in *Lawrence* are not helpful to Chertok either.  That case involved a post-settlement increase in value of stock sold as part of the settlement, which increase was due to the value of a new technology allegedly known only to the buyers at the time of the settlement, thus raising questions about the propriety of the settlement price.  *Id*. at 619-20.  In Chertok's case, there were no secrets and he alleges none:  he always claimed that the Written Consents were fraudulent, yet he agreed in the Settlement to accept them as effective and to execute the Series A Documents that depended upon them.  The fact that the Written Consents led to the finalization of the Series A Transaction does not "give rise to a strong inference of fraudulent intent."  *Id*. at 626.

Chertok was on notice that his position lacked any legal support well before he filed the Motion.  On April 9, 2012, this Court held a pre-motion conference concerning Chertok's then-contemplated Motion.  (Transcript of Proceedings held April 9, 2012, Zaur Decl. Ex. O.)  At the

outset of that conference, the Court put the matter succinctly and correctly: "This is the very issue that was in dispute in the settlement conference and in the litigation. So the fact that you got some additional evidence that confirms what you all want to argue, I don't think that gives you a basis to reopen a case that you settled. So what am I missing?" (*Id.* at 2.) This was not the only time that the Court explained to Chertok exactly what was wrong with the legal theory underpinning his proposed Motion. At various points during the pre-motion conference, the Court explained that:

- "It's not the case that you get to settle [a lawsuit], and then if you find some better discovery later you get to unwind it and then work for a better deal. I mean that's pretty basic." (*Id.* at 8.)

- "I think it's extremely unlikely that I'm going to grant the relief you are seeking, Mr. Chertok. You made a deal here, and this sounds like buyer's remorse more than anything else." (*Id.* at 12.)

- "It's not really new facts, right? I mean you know what you signed and didn't sign. You know what you were alleging with respect to a fraud. So, the fact that you were not aware of a document that supported your theory doesn't mean that that changes anything with respect to this settlement, right? … I mean, you knew what your arguments were at the time of the settlement conference. The amended complaint was filed, right?" (*Id.* at 13-14.)

StreetEasy also put Chertok on notice that his Motion would likely lead to a motion for sanctions under Rule 11. In its letter opposing Chertok's pre-motion letter, StreetEasy wrote that. "StreetEasy would seek its fees in responding to any motion to vacate the Settlement," because "any such motion would be frivolous." (Reisbaum Decl. Ex. C at 3.) That warning was repeated at the close of the pre-motion conference, when StreetEasy's counsel stated that: "If Mr. Chertok does indeed press forward with a motion to reopen the settlement, I just think it's fair to reiterate what we said in our letter, and put him on notice that we would carefully evaluate the possibility of moving for sanctions. We think this was [sic] at best a frivolous motion." (Settlement Tr. at 16.)

10

**Conclusion**

For all of the foregoing reasons, StreetEasy respectfully requests that the Court sanction Chertok for his objectively unreasonable conduct in burdening both StreetEasy and this Court with his Motion, which is entirely without foundation in either fact or law.  Specifically, StreetEasy requests that Chertok be ordered to pay its legal expenses relating to (1) his Motion for Relief from the Order of Dismissal and to Rescind the Settlement, and (2) this motion for sanctions.

Respectfully submitted,

Dated: New York, New York
      June 1, 2012

CLARICK GUERON REISBAUM LLP

By: _____
Emily Reisbaum
Isaac B. Zaur
40 West 25th Street
New York, NY 10010
Tel.: 212-633-4300
Fax: 646-478-9484

*Attorneys for Plaintiff NMD Interactive, Inc.*
*d/b/a StreetEasy.com*