UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NMD INTERACTIVE, INC.,

                        Plaintiff,

  -v-

DOUGLAS M. CHERTOK,

                        Defendant.

No. 11-cv-6011 (RJS)
OPINION & ORDER

RICHARD J. SULLIVAN, District Judge:

      Now before the Court are (1) Defendant's motion, pursuant to Local Rule 6.3 and Federal Rule of Civil Procedure 60, for reconsideration of the Court's June 16, 2016 Order (Doc. No. 108), and (2) Plaintiff's motion to enjoin future filings by Defendant (Doc. No. 113). For the reasons set forth below, both motions are denied.

## I. BACKGROUND

      The Court assumes the parties' familiarity with the facts and procedural history of this case and therefore limits its discussion as necessary for the disposition of these motions. Plaintiff NMD Interactive, Inc., which does business under the name of "Streeteasy.com," initiated this action in August 2011, alleging various claims against Defendant, Douglas M. Chertok, one of its founders, including breach of fiduciary duty and cybersquatting under 15 U.S.C. § 1125(d). (*See* Doc. Nos. 1, 23.) In 2012, the parties entered into a settlement agreement on the record before the Honorable Andrew J. Peck, United States Magistrate Judge, and stipulated to dismissal of this action with prejudice. (*See* Doc. No. 27 ("Settlement").) Thereafter, Defendant moved, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the Settlement on the ground that it was obtained as a result of fraud by Plaintiff. (*See* Doc. Nos. 42, 43.) In response, Plaintiff moved to compel compliance with the Settlement and for sanctions against Defendant pursuant to Rule 11 of the

Federal Rules of Civil Procedure based on misrepresentations he had made concerning the Settlement. (*See* Doc. Nos. 46, 47, 50, 51.)

In a Memorandum and Order dated March 18, 2013, the Court denied Defendant's Rule 60(b) motion and granted Plaintiff's motion to enforce the settlement. (Doc. No. 68 ("March 2013 Opinion").) The Court also granted Plaintiff's motion for sanctions based on Defendant's objectively unreasonable conduct in "propound[ing] factual contentions [concerning the Settlement] lacking any evidentiary support whatsoever." (*Id*. at 13.) Although Defendant appealed the imposition of sanctions and order to compel compliance with the Settlement, he did not appeal the Court's denial of his Rule 60(b) motion. *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 304 n.6 (2d Cir. 2014).

In an opinion dated June 5, 2014, the Second Circuit affirmed in part and reversed in part the Court's sanctions order and remanded "for reconsideration of the appropriate amount of monetary sanctions." *Id.* at 307–11.[1] On remand, in an order dated May 19, 2015, the Court imposed a reduced sanctions award of $19,192.33 against Defendant. (Doc. No. 98 ("the $19,192.33 Sanction").) On June 19, 2015, Defendant appealed the $19,192.33 Sanction. (*See* Doc. No. 99).

On April 27, 2016, while his appeal from the $19,192.33 Sanction was pending, Defendant asked the Second Circuit to vacate its prior judgment partially affirming the Court's sanctions order pursuant to Federal Rule of Civil Procedure 60(d)(3) on the ground that it was obtained as a result of fraud committed by Plaintiff's counsel on both this Court and the Second Circuit. (*NMD Interactive, Inc. v. Chertok*, No. 15-cv-2003 ("Circuit Doc."), Doc. No. 66-1 (2d Cir. Apr. 27, 2016) ("Circuit Motion") at 1.) Two days later, on April 29, 2016, Defendant filed a pre-motion

---

[1] The Second Circuit also vacated the Court's grant of the motion to compel compliance with the Settlement on jurisdictional grounds. *Chertok*, 752 F.3d at 301.

letter with this Court regarding a contemplated motion to vacate the $19,192.33 Sanction and the March 2013 Opinion's denial of his Rule 60(b) motion, also on the grounds that Plaintiff's counsel had defrauded the Court in prior submissions. (Doc. No. 101 ("SDNY Motion").) On May 4, 2016, Plaintiff filed a response. (Doc. No. 102.)

In an Order dated June 7, 2016, the Second Circuit affirmed the $19,192.33 Sanction and denied Defendant's Circuit Motion. *StreetEasy, Inc. v. Chertok*, 651 F. App'x 37, 39–40 (2d Cir. 2016) ("June 2016 Summary Order"). With respect to the Circuit Motion, the Second Circuit concluded that Defendant "ha[d] not presented clear and convincing evidence to meet the high bar for finding fraud on the [c]ourt." *Id.* at 40. Plaintiff then filed a letter, dated June 8, 2016, apprising this Court of the June 2016 Summary Order and arguing that, in light of the Circuit's ruling, Defendant's contemplated SDNY Motion should also be denied, since it was "essentially identical" to his failed Circuit Motion. (Doc. No. 103.) After receiving a response from Defendant on June 9, 2016 (Doc. No. 104), the Court issued an order on June 16, 2016 deeming Defendant's contemplated SDNY Motion made and denying the motion "for the same reasons" set forth in the Second Circuit's June 2016 Summary Order (Doc. No. 105 ("June 16 Order") at 2).

On July 1, 2016, Defendant filed the instant motion for reconsideration of the June 16 Order, to which Plaintiff responded on July 18, 2016. (Doc. Nos. 108, 111, 112.) Plaintiff also moved to enjoin Defendant from making any new filings in connection with this litigation, whether "in this [Court] or [in] any [other] federal court in the United States." (Doc. No. 113.) On July 28, 2016, Defendant filed a reply in further support of his motion for reconsideration, and on August 4, 2016, Defendant filed a supplemental submission in opposition to Plaintiff's motion for a filing injunction, to which Plaintiff replied on August 15, 2016. (Doc. Nos. 116, 117.)[2]

---

[2] Although Defendant also filed a notice of appeal from the June 16 Order (Doc. No. 110), the Second Circuit issued a stay of Defendant's appeal pending resolution of his reconsideration motion (Doc. No. 114). Defendant's appeal from the June 16 Order does not affect this Court's jurisdiction to resolve the reconsideration motion, since the latter was filed first. *See Hodge ex rel. Skiff v. Hodge*, 269 F.3d 155, 157 & n.4 (2d Cir. 2001).

II. DISCUSSION

A. Defendant's Motion for Reconsideration

A motion for reconsideration pursuant to Local Civil Rule 6.3 "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995). A motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001)).

Here, Defendant first argues that it was improper to deny the SDNY Motion without scheduling a pre-motion conference and granting him leave to file and fully brief the motion. It is true, as Defendant asserts, that a district court may not "prevent a party from filing pleadings, motions or appeals authorized by the Federal Rules of Civil Procedure." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987); (*see also* Doc. No. 109 ("Mem.") at 16; Doc. No. 115 ("Reply") at 9–10.) And it is also true that district courts must "allow filing of even those motions that, on their face, may appear to lack merit," since it "is necessary to enable appellate review." (Mem. 20 (quoting *Curto v. Roth*, 296 F. App'x 129, 130 (2d Cir. 2008)).) Even so, the Second Circuit has recognized that courts have the discretion to "construe[] pre-motion letters as the motions themselves and den[y] the motions" where the parties' letters have sufficient "length and detail," the moving party has had sufficient "opportunity to make the arguments necessary to preserve [his] motion for appellate review," and there is a "clear lack of merit" to the moving

4

party's arguments. *See In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (collecting cases); *see also Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12-cv-2827 (NRB), 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) ("[W]hen pre-motion letters adequately present the parties' views of a straightforward request, it is equally appropriate for a district judge to treat the letters themselves as motion papers and to rule on the merits without holding an unnecessary pre-motion conference.") (collecting cases); *cf. City of New York v. Fedex Ground Package Sys., Inc.*, No. 13-cv-9173 (ER), 2016 WL 1718261, at *4 (S.D.N.Y. Apr. 27, 2016) (finding that magistrate judge erred in granting motion based on moving party's pre-motion letter without having received a response from the non-moving party, thus depriving the non-moving party of the "opportunity to be heard on the substantive issues").

Here, the Court did not "prevent" Defendant from making his SDNY Motion. Rather, the Court exercised its discretion to construe Defendant's pre-motion letters as a motion and deny it. As the length and detail of the parties' letters make clear, Defendant had the opportunity to make any "arguments necessary to preserve [his] motion for appellate review," and Plaintiff had an adequate opportunity to respond. *See In re Best Payphones, Inc.*, 450 F. App'x at 15. Specifically, Defendant filed a three-page, single-spaced letter setting forth the alleged frauds that he identified as the "predicates" for his contemplated Rule 60(d)(3) motion (Doc. No. 101), followed by a one-and-a-half page single-spaced reply letter on June 9, 2016 that further elaborated on the merits of Defendant's contemplated motion and responded to Plaintiff's arguments in favor of dismissal (Doc. No. 104). The Court also reviewed Defendant's related Circuit Motion and supporting documents, which totaled nearly 500 pages. (Circuit Doc. No. 66.) Furthermore, as set forth in the Court's June 16 Order, it was clear from the face of Defendant's letters that his SDNY Motion lacked merit in light of the Second Circuit's June 2016 Summary Order.

In urging reconsideration, Defendant argues that "the motion to the Second Circuit was neither identical nor *similar* to" the motion contemplated in his April 2016 pre-motion letter and was in fact "tailored to the misrepresentations" Plaintiff's attorneys allegedly made on appeal to the Second Circuit. (Mem. 22 (emphasis added).) It is ironic, given Defendant's allegations of material misstatements by Plaintiff's counsel, that his brief would contain such a preposterous assertion. Indeed, as set forth in Defendant's April 29, 2016 Letter to this Court, Defendant's contemplated SDNY Motion was premised on the allegations that Plaintiff's attorneys knowingly misrepresented the fact that a shareholder meeting had taken place on August 29, 2006; had fabricated minutes of a board meeting that took place that same date; had lied about the existence of an "Exhibit A" to these meeting minutes; and had not, contrary to their representations to the Court, sent "Written Consents in Lieu of Meeting" to Defendant during pre-settlement negotiations in November and December of 2011. (Doc. No. 101.) The Second Circuit had the opportunity to consider these same allegations in ruling on the Circuit Motion. (*See* Circuit Doc. No. 66-1 at 3–4 (alleging misrepresentations concerning August 29, 2006 shareholder meeting); *see id.* at 7, 14 (averring that "the alleged August 29, 2006 'Board Minutes'" were not authentic); Circuit Doc. No. 66-2 at 2, 5 (same); *id.* at 3, 10–12, 18 (alleging that the "Exhibit A" consent form did not exist); *id.* at 2, 8–9, 13–14 (alleging that Plaintiff's attorneys "misrepresented that they sent" the Written Consents in Lieu of Meeting during pre-settlement negotiations in November and December of 2011). In fact, Defendant submitted a copy of the April 29, 2016 Letter submitted to this Court to the Second Circuit in support of the Circuit Motion. (Circuit Doc. No. 74-1.) Faced with these virtually identical allegations – among others – the Second Circuit concluded that Defendant "ha[d] not presented clear and convincing evidence to meet the high bar for finding

fraud on the Court." *Chertok*, 651 F. App'x at 40. The Court agrees – both then and now – with that conclusion and is compelled to follow it.[3]

Defendant nevertheless argues that the Court erred in considering itself to be bound by the Second Circuit's June 2016 Summary Order, contending that the Circuit's order did "not purport to address any fraud upon the District Court, which, as a matter of law, must be raised in the District Court." (Mem. 20.) But the fact remains that the SDNY Motion and the Circuit Motion were premised on overlapping allegations, and Defendant was attempting to vacate the same $19,192.33 Sanction in both this Court and the Second Circuit. In any event, even if the Second Circuit's decision were non-binding, the Court – after having presided over this litigation for nearly six years and reviewed the record in connection with this motion – remains firm in its conviction that Defendant cannot meet the extremely high bar of proving fraud on the Court in order to prevail on his Rule 60(d)(3) motion in this Court. *See King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002) (noting that "[f]raud upon the court must be established by clear and convincing evidence"); *Morgan v. Gaind*, No. 96-cv-6336 (LAP), 2013 WL 443977, at *1 (S.D.N.Y. Jan. 30, 2013) ("Rule 60 motions are generally disfavored and will usually require a showing of exceptional circumstances." (citing *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008)).

Finally, Defendant also argues that the Due Process Clause of the Fifth Amendment of the United States Constitution *requires* the Court to allow him to submit memorandum briefs in support of his motion. (Mem. 21.) But once again, Defendant fails to cite any authority for the proposition that he was entitled by the Constitution to submit briefs in excess of the four-and-one-half single spaced pages that he filed in connection with this straightforward motion in addition to

---

[3] While Defendant repeatedly asserts that there are additional "details of the broader fraud" and "additional arguments to be made" that he lacked space to address in his pre-motion letter and reply letter (Mem. 19; *see also id.* at 1), he makes no attempt to clarify what these additional allegations are, thus rendering his argument totally conclusory and unpersuasive. *See In re Best Payphones, Inc.*, 450 F. App'x at 15 (affirming court's decision to deem sanctions motion made and deny it where party "has not pointed to any additional argument it would have made had it filed full motion papers").

the hundreds of pages he submitted for the overlapping Circuit Motion. The Court thus has little difficulty concluding that Defendant had a full and fair opportunity to brief the Rule 60(d)(3) issue. *See In re Best Payphones, Inc.*, 450 F. App'x at 15. The Court therefore rejects Defendant's argument premised on the Due Process Clause.[4]

In sum, the record makes clear that the Court's denial of Defendant's contemplated SDNY Motion was warranted in light of the Second Circuit's June 2016 Summary Order and the facts discussed above. Since Defendant has offered no facts or authority that the Court overlooked in issuing its June 16 Order, Defendant has failed to meet the exacting standard for a motion made pursuant to Local Rule 6.3. *See Nat'l Union Fire Ins. Co. of Pittsburg v. Las Vegas Prof'l Football Ltd. P'ship*, 409 F. App'x 401, 403 (2d Cir. 2010) ("It is black letter law that a motion for reconsideration may not . . . be used as a vehicle for relitigating issues already decided by the [c]ourt." (internal quotation marks omitted)). Accordingly, Defendant's motion for reconsideration is denied.

### B. Plaintiff's Motion to Enjoin Future Filings

Perhaps understandably, given Defendant's apparent inability to walk away from a case he voluntarily settled in 2012, Plaintiff also seeks an order enjoining Defendant from: "(1) filing any motion, pleading, or other paper in this or any federal court in the United States arising out of the acts of any person or entity involved in this lawsuit[;] (2) filing any new action or proceeding in any federal court without first obtaining leave of that court; and (3) filing any document in any case to which he is not a party without first seeking leave of the court." (Doc. No. 113.)

---

[4] Tellingly, the cases relied upon by Defendant for this argument involve the entirely distinguishable situation where significant sanctions are imposed without provision of "notice and an opportunity to be heard." *Martens v. Thomann*, 273 F.3d 159, 175 (2d Cir. 2001); *see also United States v. Seltzer*, 227 F.3d 36, 43 (2d Cir. 2000) (vacating imposition of fine on defendant based on allegations clerk relayed in *ex parte* communications to judge, where defendant "was not told what the clerk had said," and "she had no opportunity to dispute, rebut, or explain" her alleged statements). That is emphatically not the case here.

The Second Circuit has held that district courts "are not powerless to protect the public, including litigants who appear before the [c]ourts, from the depredations of those . . . who abuse the process of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious or repetitive appeals and other proceedings." *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Accordingly, "[i]f a litigant has a history of filing 'vexatious, harassing, or duplicative lawsuits,' courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quoting *Iwachiw v. N.Y. State Dep't of Motor Vehicles,* 396 F.3d 525, 528 (2d Cir. 2005)); *see also Malcolm v. Bd. of Educ.*, 506 F. App'x 65, 69 (2d Cir. 2012) ("[A] court may prevent a litigant from filing pleadings, motions[,] or appeals upon a showing of extraordinary circumstances, such as a demonstrated history of frivolous and vexatious litigation or a failure to comply with sanctions imposed for such conduct."). Of course, the propriety of a filing injunction depends on "whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Moreover, "[b]efore a filing injunction is imposed . . . a litigant must be provided notice and an opportunity to be heard." *Duran v. Kiley*, 586 F. App'x 598, 600 (2d Cir. 2013) (citing *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)). Thus, in determining whether to impose a filing injunction, a court must consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.*, does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

9

*Id.* (quoting *Safir*, 792 F.2d at 24).

Here, there can be no doubt that Defendant has a demonstrated history of filing vexatious, harassing, and duplicative motions for which he appears to lack an objective good-faith expectation of prevailing. There can likewise be no doubt that Defendant's repeated attempts to overturn the $19,192.33 Sanction and the Settlement have caused needless expense to Plaintiff and posed an undue burden on the Court. However, in light of this Order and the Second Circuit's rejection of Defendant's appeals and arguments under Rule 60(d)(3), the Court is hopeful that this 2011 action is nearing its conclusion and that there will be no further motions of this kind. Accordingly, the Court declines at this time to enjoin Defendant from making future filings. Nevertheless, Defendant is on notice that future frivolous filings by him that appear to be designed primarily to harass Plaintiff and its counsel will be carefully scrutinized and may result in sanctions, including a filing injunction.

### III. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that Defendant's motion for reconsideration is DENIED. IT IS FURTHER ORDERED that Plaintiff's motion to enjoin future filings by Defendant is DENIED without prejudice to renewal in the event that Defendant makes further frivolous or vexatious filings. The Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 108 and 113.

SO ORDERED.

Dated:      March 13, 2017
               New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/13/17